UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JOEL RODRIGUEZ, and all others
similarly situated under 29 U.S.C 216(b),

    Plaintiff,

vs.

NASH EXPRESS CARGO, LLC, a
Florida Limited Liability Company, and
KOMESHWAR RAMPERSAUD,
individually,

    Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, JOEL RODRIGUEZ, by and through his undersigned attorneys, and hereby sues Defendants, NASH EXPRESS CARGO, LLC, a Florida Limited Liability Company, and KOMESHWAR RAMPERSAUD, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"). This is also an action for unpaid wages under Fla. Stat. §448.08.

2. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute. The Court has supplemental jurisdiction over the state cause of action.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant NASH is a Florida Corporation which regularly conducted business within the Southern District of Florida.

6. NASH is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and one other employee of NASH would routinely handle vehicles, transportation tools and materials on a regular and consistent basis. These vehicle transportation tools and materials handled or used by Plaintiff, as well as other employees of NASH had travelled in interstate commerce. Furthermore, GAYJA CORP, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of NASH was at all times material hereto in excess of $500,000.00 per annum gross for the year 2018 and 2019.

8. By reason of the foregoing, NASH is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, RAMPERSAUD, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as

Plaintiff. Defendant RAMPERSAUD controlled the purse strings for the corporate Defendant. Defendant RAMPERSAUD hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## **COUNT I: OVERTIME WAGES**
### **(against All Defendants)**

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff is employed by the Defendants as a non-exempt driver.

12. Plaintiff was employed from on or about January 10, 2018 through on or about June 8, 2020.

13. Plaintiff worked approximately 72 hours per week and was paid $500 per week, or an equivalent rate of $6.94 per hour, between the period of on or about January 2018 through on or about February 2020.

14. Plaintiff worked approximately 72 hours per week and was paid $600 per week, or an equivalent rate of $8.33 per hour, between the period of on or about February 2020 through on or about May 2020.

15. Plaintiff worked approximately 72 hours per week and was paid $500 per week, or an equivalent rate of $6.94 per hour, between the period on or about May 2020.

16. Plaintiff worked approximately 72 hours per week during the last three weeks of employment. However, Plaintiff was not paid any wages for these weeks due to one check being returned as insufficient funds, and two of these checks being returned due to a stop payment being placed.

17. Plaintiff was not paid overtime wages at a rate of time-and-one-half the regular rate and/or the minimum wage (whichever is greater) when Plaintiff worked more than 40 hours per week.

18. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

19. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due.

20. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: MINIMUM WAGE
### (against All Defendants)

21.     Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

22.     Plaintiff is employed by the Defendants as a non-exempt driver.

23.     Plaintiff was employed from on or about January 10, 2018 through on or about June 8, 2020.

24.     Plaintiff worked approximately 72 hours per week and was paid $500 per week, or an equivalent rate of $6.94 per hour, between the period of on or about January 2018 through on or about February 2020.

25.     Plaintiff worked approximately 72 hours per week and was paid $600 per week, or an equivalent rate of $8.33 per hour, between the period of on or about February 2020 through on or about May 2020.

26.     Plaintiff worked approximately 72 hours per week and was paid $500 per week, or an equivalent rate of $6.94 per hour, between the period on or about May 2020.

27.     Plaintiff worked approximately 72 hours per week during the last three weeks of employment. However, Plaintiff was not paid any wages for these weeks due to one check being returned as insufficient funds, and two of these checks being returned due to a stop payment being placed.

28.     Pursuant to 29 U.S.C. § 218(a), Florida Minimum wage rate of $8.25/hr. in 2018 and $8.46/hr. in 2019 would apply to Plaintiff's work for Defendants. Defendants' pay to Plaintiff regularly fell below these minimum wage rates.

29.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid

less than applicable minimum wage rate. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours worked, Defendants elected not to pay Plaintiff any wages for the last weeks of his employment and Defendants did not appropriately compensate Plaintiff despite Plaintiff's numerous attempts to get paid his rightfully owed wages.

30. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: FLORIDA UNPAID WAGE CLAIM
### (against NASH only)

31. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

32. Plaintiff was employed by the corporate Defendant NASH as a driver.

33. Plaintiff was employed by NASH from on or about January 10, 2018 through on or about June 8, 2020.

34. Defendant NASH agreed to pay Plaintiff a rate of $500.00 per week.

35. Defendant NASH failed to pay Plaintiff any wages during the last three weeks of his employment.

36. Plaintiff was not paid any wages for these weeks due to one check being returned as insufficient funds, and two of these checks being returned due to a stop payment being placed.

37. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory unpaid wages and reasonable attorney's fees and costs from Defendant NASH pursuant to Fla. Stat. §448.08, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: June 29, 2020

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561