UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22687-CIV-MARTINEZ/OTAZO-REYES

JOEL RODRIGUEZ, and all others similarly situated under 29 U.S.C 216(b),

    Plaintiff,

vs.

NASH EXPRESS CARGO, LLC, a Florida Limited Liability Company, and KOMESHWAR RAMPERSAUD, individually,

    Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, JOEL RODRIGUEZ and Defendants NASH EXPRESS CARGO, LLC and KOMESHWAR RAMPERSAUD, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiff filed a complaint [D.E. 1] under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that he was not properly paid his minimum wages and overtime wages, and state cause of action for unpaid wages.

2. Defendants deny that Plaintiff is entitled to any recovery and contend that Plaintiff at all times was correctly paid his wages as required by the FLSA and state law. Defendants further contend that Plaintiff is exempt from the provisions under the Motor Carrier Act. However, in order to avoid the uncertainties of litigation, and while continuing to deny any

liability under the claims asserted by Plaintiff, Defendants made an economic business decision to amicably resolve this matter.

3. The parties have discussed the strengths and weaknesses of the case and Plaintiff is satisfied that he is being fully compensated, and the settlement does not represent a compromise of his claim. Further, Plaintiff's counsel reduced his fee in order to resolve the matter.

4. As the conditions of the settlement agreement are extended over a period of time, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

## Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to

employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, the parties have numerous factual dispute. In brief, the parties dispute whether there exists enterprise or individual coverage such that the FLSA applies. The parties dispute the status as an FLSA employee. The parties dispute the dates of service. The parties dispute the number of hours that Plaintiff worked and the amount of wages he received. Further,

the parties dispute whether liquidated damages should be imposed. Lastly, the parties dispute whether the Motor Carier Act is applicable and whether the application would preempt Plaintiff from recovery. The Defendant making a purely economic decision to settle the case. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, or nothing, and therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As the conditions of the settlement agreement are extended over a period of time, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants, with the Court to maintain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

Dated: November 10, 2020

| Mamane Law LLC | Todd W. Shulby, P.A. |
|---|---|
| Attorney for Plaintiff | Attorney for Defendants |
| 10800 Biscayne Blvd, Suite 650 | 1792 Bell Tower Lane |
| Miami, FL 33161 | Weston, Florida 33326 |
| Tel: 305.773.6661 | Tel: (954) 530-2236 |
| Email: Mamane@gmail.com | Email: tshulby@shulbylaw.com |
| By: /s/ *Isaac Mamane*_____<br>    Isaac Mamane, Esq.<br>    Florida Bar Number: 44561 | By: /s/ *Todd W. Shulby*_____<br>    Todd W. Shulby, Esq.<br>    Florida Bar Number: 68365 |